**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF SOUTH CAROLINA**

**COLUMBIA DIVISION**

| | |
|---|---|
| QUINTON BATES, ) | |
| ) | |
| Petitioner, ) | Civil Action No. 3:11-02198-TMC-JRM |
| ) | |
| v. ) | |
| ) | **REPORT AND RECOMMENDATION** |
| WARDEN MCI, ) | |
| LEROY CARTLEDGE, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

Petitioner, Quinton Bates ("Bates"), is an inmate with the South Carolina Department of Corrections serving a sentence of 25 years imprisonment for voluntary manslaughter with a concurrent term of 5 years for possession of a firearm during a crime of violence. He filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on August 19, 2011. Respondent filed a return and motion for summary judgment on October 31, 2011. Because Bates is proceeding *pro se*, an order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) was issued on November 10, 2011 explaining to him his responsibility to respond to the motion for summary judgment. Bates filed his response to Respondent's motion on December 7, 2011.

**Background and Procedural History**

Shortly after midnight on February 22, 2003, Bates shot and killed Larry Neilious during an argument at a night club in Aiken County, South Carolina. (App. 64). He was charged with murder. Represented by Kelly Brown, Esquire, Bates entered pleas of guilty on October 16, 2003 to voluntary manslaughter and possession of a firearm during a crime of violence.[1] He was sentenced to imprisonment for twenty-five years. No direct appeal was filed.

Bates filed an application for post-conviction relief ("PCR") on September 27, 2004. (App. 18), Bates v. South Carolina, C/A No. 2004-CP-02-1253 ("PCR I"). An evidentiary hearing was held on May 16, 2005. (App. 33). Bates was represented by Michael W. Chesser, Esquire. Both Bates and trial counsel testified. On July 22, 2007, the PCR court issued an order granting Bates the right to file a belated appeal pursuant to White v. State, 263 S.C. 110, 208 S.E.2d 35 (1974), but denying all other relief. (App. 50). A petition for writ of certiorari was filed by the South Carolina Commission on Indigent Defense raising only Bates' entitlement to a belated appeal. In connection therewith, an Anders[2] brief was filed raising the following issue:

> It was error for the trial court judge to accept Mr. Bates's guilty plea when there were at least two people firing shots on the fatal night, and a ballistics report connecting Mr. Bates to the crime had not been secured by defense counsel.

Bates was notified that he was entitled to file a *pro se* brief raising other issues, but there is no record that he did so. Bates' case was transferred by the South Carolina Supreme Court to the South Carolina Court of Appeals which dismissed the appeal. *See* Bates v. South Carolina, Unpubl.Op.No. 2009-UP-308 (Ct.App., filed June 11, 2009). The Remittitur was returned on June 29, 2009.

---

[1] As part of the plea bargain, several unrelated charges against Bates were dismissed. (App. 7).

[2] Anders v. California, 386 U.S. 738 (1967).

2

Bates filed another PCR on August 7, 2009. *See* Bates v. South Carolina, C/A No. 2009-CP-02-1846 ("PCR II"). The PCR court issued a conditional order of dismissal on October 19, 2009 finding that PCR II was successive pursuant to S.C.Code § 17-27-90 and untimely pursuant to S.C.Code § 17-27-10. A final order of dismissal was issued on February 17, 2010. There is no record that Bates appealed the dismissal of PCR II.

Bates filed his last PCR on May 4, 2010. *See* Bates v. South Carolina, C/A No. 2010-CP-02-1043 ("PCR III"). The PCR court issued a conditional order of dismissal on November 22, 2010 and a final order on April 4, 2010. Bates then filed a motion to alter or amend the judgment pursuant to state procedure. The motion was denied on May 4, 2011. There is no record that Bates appealed the dismissal of PCR III.

## Grounds for Relief

In his present petition, Bates asserts he is entitled to a writ of habeas corpus on the following ground:

**GROUND ONE**: 6th Amendment Ineffective assistance of trial counsel:

Supporting facts: (1) Ineffective Assistance of trial counsel (2) summary of testimony presented at the PCR evidentiary hearing findings of facts and conclusions of law (A) Allegation applicant was denied his right to a direct appeal (3) B. Allegation of ineffective assistance of counsel for failing to procude[sic] ballistics tests.

## Discussion

### A. Bates' Rule 60(b) Motion

On October 18, 2011, Bates filed a "Motion and Order Rule 60(b) Motion Newly Discovery Evidence and Fraud upon Court." (Court Document No. 12). Respondent filed a response to the motion on November 10, 2011.

Rule 60(b)(2), Fed.R.Civ.P., allows a party to move for relief of a final judgment based on "newly discovered evidence, that with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." This rule is inapplicable to the present case since no final judgment has been entered.

The existence of "after-discovered evidence" may entitle a defendant to a new trial in state court or allow for a successive PCR in state court. Under South Carolina procedure, a convicted defendant may move "for a new trial based on after-discovered evidence ... within a reasonable period after the discovery of the evidence." Rule 29(b), S.C.Crim.P. To be successful the party seeking the new trial based on after-discovered evidence must show that the evidence: (1) is such as would probably change the result if a new trial was had; (2) has been discovered since the trial; (3) could not by the exercise of due diligence have been discovered before the trial; (4) is material to the issue of guilty or innocense; and (5) is not merely cumulative or impeaching. Hayden v. State, 278 S.C. 610, 299 S.E.2d 854 (1983). In assessing a motion for a new trial based on after discovered evidence, the Court must assess the credibility of the new evidence. If it is not credible, the movant cannot satisfy the first prong of the above test, i.e., the evidence would probably result in a different result at the new trial. Johnson v. Catoe, 345 S.C. 389, 548 S.E.2d 587 (2001).

Bates' motion should be denied.

**B. Anti-Terrorism and Effective Death Penalty Act ("AEDPA") Statute of Limitations**

Respondent asserts that the petition should be dismissed because it was not timely filed under the one-year statute of limitations created by the AEDPA. The AEDPA became effective on April 24, 1996. The AEDPA substantially modified procedures for consideration of habeas corpus petitions of state inmates in the federal courts. One of those changes was the amendment of 28

U.S.C. § 2244 to establish a one-year statute of limitations for filing habeas petitions. Subsection (d) of the statute now reads:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The one-year statute of limitations begins to run on the date the Petitioner's conviction becomes final, not at the end of collateral review. Harris v. Hutchinson, 209 F.3d 325, 327 (4th Cir. 2000). In South Carolina, a defendant must file a notice of appeal within 10 days of his conviction. Rule 203(b)(2), SCACR. Thus if a defendant does not file a direct appeal, his conviction becomes final ten days after the adjudication of guilt. Crawley v. Catoe, 257 F.3d 395 (4th Cir. 2001). If a defendant files a direct appeal and his conviction is affirmed, the conviction becomes final 90 days after the final ruling of the South Carolina Supreme Court. Harris, 209 F.3d at 328, n. 1 (conviction

become final on the expiration of the 90-day period to seek review by the United States Supreme Court).

The statute of limitations is tolled during the period that "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). The statute of limitations is tolled for the entire period of the state post-conviction process, "from initial filing to final disposition by the highest state court (whether decision on the merits, denial of certiorari, or expiration of the period of time to seek further appellate review)." Taylor v. Lee, 196 F.3d 557, 561 (4th Cir. 1999). Following the denial of relief in the state courts in state habeas proceedings, neither the time for filing a petition for certiorari in the United States Supreme Court, nor the time a petition for certiorari is considered by the United States Supreme Court, is tolled." Crawley v. Catoe, 258 F.3d at 399. A state collateral proceeding must be "properly filed" for the statutory tolling provisions of 28 U.S.C. § 2244(d)(2) to apply. "(A)n application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee." Artuz v. Bennett, 531 U.S. 4, 8 (2000) (footnote omitted). "When a post-conviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)." Pace v. DiGulielmo, 544 U.S. 408, 414 (2005) quoting Carey v. Saffold, 536 U.S. 214, 236 (2002).

Generally, computing periods of time under 28 U.S.C. § 2244(d)(2) is pursuant to Fed. R. Civ. P. 6(a). Hernandez v. Caldwell, 225 F.3d 435, 439 (4th Cir. 2000).

The Fourth Circuit has held that the statute of limitations in § 2254 is not jurisdictional, but subject to the doctrine of equitable tolling. Equitable tolling applies only in "those rare instances

6

where–due to circumstances external to the [Petitioner's] own conduct–it would be unconscionable to enforce the limitation against the [Petitioner]." Harris, 209 F.3d at 330.  Under § 2244(d), the State bears the burden of asserting the statute of limitations.  Petitioner then bears the burden of establishing that his petition is timely or that he is entitled to the benefit of the doctrine of equitable tolling.  Hill v. Braxton, 277 F.3d 701 (4th Cir. 2002).  To benefit from the doctrine of equitable tolling, a petitioner must show: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way" preventing him from timely filing. Pace, 544 U.S. at 418.  An attorney's mistake in calculating the filing date for a habeas petition relative to the AEDPA's statute of limitations is not an extraordinary circumstance warranting equitable tolling. Lawrence v. Florida, 549 U.S. 327, 336-337 (2007) ("Attorney miscalculation [of a deadline] is simply not sufficient to warrant equitable tolling, particularly in the postconviction context where prisoners have no constitutional right to counsel."). *See also* Harris, 209 F.3d at 331.

Bates' conviction became final on October 27, 2003, ten days after his guilty plea was entered, since no appeal was filed. *See* Rule 203(b)(2), SCACR.  PCR I was filed on September 27, 2004.  The statute of limitations was tolled until June 29, 2009 when the South Carolina Court of Appeals sent the Remittitur.  Even assuming that Bates began a new statute of limitations at that time pursuant to Jimenez v. Quarterman, 555 U.S. 113, 121 (2009) ("where a state court grants a criminal defendant the right to file an out-of-time direct appeal during state collateral review, but before the defendant has first sought federal habeas relief, his judgment is not yet 'final' for purposes of § 2244(d)(1)(A)"), his present petition is still untimely.  Pursuant to Pace v. DiGulielmo, *supra*, PCRs II and III were not "properly filed" because the state PCR courts found them to be untimely and successive. *See also* Drakeford v. Reynolds, 2010 WL 547166, * 3-4 (D.S.C.), Campbell v. Warden,

2010 WL 4668324, * 3-4 (D.S.C.), Morris v. Warden, 2011 WL 489933, * 4 (D.S.C.), Stallings v. Warden, 2011 WL 4549229, * 3-5 (D.S.C.).

Bates appears to argue that his petition is timely because it is based on after discovered evidence (*see* discussion above and Pet. Response, pp. 15-16)., i.e., a Brady[3] violation relating to a ballistics report which Bates speculates was withheld by the State. As discussed above, Bates has not sought to raise this new theory in state court. Therefore, it cannot be properly before this Court, or be the basis for equitable tolling. *See* Edgens v. Bazzle, 2009 WL 903261, *10 (D.S.C.).

### C. Ineffective Assistance of Trial Counsel

At the hearing in PCR I, Bates testified that his trial attorney was ineffective for failing to investigate his case because she did not obtain a ballistics report. It was not clear whether the ballistics report would have been available through discovery or whether Bates thought counsel should have retained a ballistics expert. This, of course, is a variation of Bates' argument in his motion discussed above that the prosecution violated Brady by failing to turn over a ballistics report.[4]

The Sixth Amendment to the United States Constitution guarantees a defendant the right to effective assistance of counsel in a criminal prosecution. McMann v. Richardson, 397 U.S. 759, 771 n.14 (1970). In the case of Strickland v. Washington, 466 U.S. 668 (1984), the United States Supreme Court set forth two factors that must be considered in evaluating claims for ineffective assistance of counsel. A petitioner must first show that his counsel committed error. If an error can

---

[3] Brady v. Maryland, 373 U.S. 83 (1963).

[4] As noted above, there is no evidence in the record that shows the existence of a ballistics report. To the contrary, attached to Bates' motion is a copy of a letter from SLED to the Aiken County Sheriff's Office dated October 4, 2005 which states that "(t)he firearms evidence in the below described case is being returned without examination per SLED (p)olicy...."

8

be shown, the court must consider whether the commission of an error resulted in prejudice to the defendant.

To meet the first requirement, "[t]he defendant must show that counsel's representation fell below an objective standard of reasonableness." Strickland, at 688. "The proper measure of attorney performance remains simply reasonableness under prevailing professional norms." Turner v. Bass, 753 F.2d 342, 348 (4th Cir. 1985) quoting Strickland, *reversed on other grounds*, 476 U.S. 28 (1986). In meeting the second prong of the inquiry, a complaining defendant must show that he was prejudiced before being entitled to reversal. Strickland requires that:

> [T]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.
>
> * * *
>
> [A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct. . . the court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. (Emphasis added).

Strickland at 694-95.

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a federal habeas court must determine whether the state court's decision "was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). The court's analysis should center on whether the state courts properly applied the Strickland test. *See* Williams v. Taylor, 529 U.S. 362 (2000).

("Strickland test provides sufficient guidance for resolving virtually all ineffective assistance of counsel claims.")

Ineffective assistance of counsel claims may be asserted in limited circumstances where the petitioner has entered a plea of guilty. A guilty plea generally precludes the petitioner from challenging defects in the process which occurred prior to the plea. He "may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards set forth in McMann." Tollett v. Henderson, 411 U.S. 258, 267 (1973). When such a claim is raised, the voluntariness issue is subsumed within the claim of effectiveness of the attorney's assistance. Hill v. Lockhart, 474 U.S. 52, 56 (1985).

In order to prevail on a claim of ineffective assistance of counsel pertaining to a guilty plea, a petitioner must show that his lawyer's performance was incompetent, i.e., the first prong of the Strickland test. Under this prong, counsel "has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." Strickland, 466 U.S. at 691. The prejudice prong of the Strickland test is modified and the petitioner must show "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill, 474 U.S. at 59.

An attorney has a duty to make a reasonable factual and legal investigation to develop appropriate defenses. Sneed v. Smith, 670 F.2d 1348 (4th Cir. 1982). The reasonableness of the investigation is evaluated by the totality of the circumstances facing the attorney at the time. Bunch v. Thompson, 949 F.2d 1354 (4th Cir. 1991), *cert. denied*, 505 U.S. 1230 (1992). The Courts recognize limits to investigation based on time, resources, and relevance and conclude that "Strickland does not impose a constitutional requirement that counsel uncover every scrap of

evidence that could conceivably help their client." Green v. French, 143 F.3d 865, 892 (4th Cir. 1998), *abrogated on other grounds* by Williams v. Taylor, 529 U.S. 362 (1998). A decision not to investigate a particular avenue of defense is assessed by the same standard of "reasonableness in all the circumstances" by which an attorney's performance is measured in other areas. Strickland, 466 U.S. 690-91. A petitioner asserting a claim of ineffectiveness of counsel in failing to investigate must make a showing that the failure was prejudicial. Generally, the failure to investigate and present a potential alibi witness supports a claim of ineffective assistance of counsel. However, at the PCR hearing, the petitioner must present evidence establishing what the witness would have said at trial. Bassette v. Thompson, 915 F.2d 932 (4th Cir. 1990), *cert. denied*, 499 U.S. 982 (1991).

Bates' ballistics theory is unavailing no matter how presented. Bates has not produced a SLED report, nor did he present any evidence at the PCR hearing of a ballistics examination. He merely speculates that two people fired shows on the day of the homicide so it is possible that the victim may have been killed by another shooter. At the change of plea hearing, the Solicitor recounted the relevant facts:

> It appears that during the –during the gathering – well, there were several people there, Mr. Nealius and Mr. Bates, the victim Mr. Nealius and the defendant Mr. Bates, got in a verbal altercation regarding a chair or sitting on a chair that some young lady had. Based on that verbal altercation it turned into a physical altercation where Mr. Nealius, the victim Mr. Nealius, actually was able when they wrestled to push down on Mr. Bates.
>
> During that – after that initial fight a number of fight I guess kept giving Mr. Bates a hard time in reference to getting beat up by Mr. Nealius and a subsequent fight also ensued, and it was at that time another party fired actually fired a separate gun in the air. It was at that time that Mr. Nealius and a number of his friends at the party began to run to their car. At that same time the defendant Mr. Bates approached Mr. Nealius and it was at that time that Mr. Nealius did, in fact, punch Mr. Bates. Mr. Bates fell to the ground. When he got back up from the ground, he produced a weapon and with that weapon, based on all of the eyewitnesses' accounts, he then shot Mr. Nealius in

11

> the chest region. We did have a diagnosis from the pathological associates and they did find that the shot to be the fatal wound that did kill Mr. Nealius.

(App. 5).

Bates confessed to shooting the victim and there were numerous eyewitnesses who also told the investigators that Bates shot the victim. The record demonstrates that the first shot was fired into the air at an earlier time and a different location.

## **Conclusion**

The present petition is untimely and Bates has not shown entitlement to habeas relief. It is, therefore, recommended that Petitioner's Rule 60(b) motion be **denied.** It is further recommended that Respondent's motion for summary judgment be **granted**, and the petition **dismissed** without an evidentiary hearing.

_____
Joseph R. McCrorey
United States Magistrate Judge

Columbia, South Carolina
March 19, 2012

**The parties are referred to the Notice Page attached hereto.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).