```
IN THE UNITED STATES DISTRICT COURT
    FOR THE DISTRICT OF SOUTH CAROLINA
              COLUMBIA DIVISION
```

Quinton Bates,   #297338,           )
                                    )      C/A No. 3:11–2198-TMC
                  Petitioner,       )
                                    )
v.                                  )      **OPINION & ORDER**
                                    )
                                    )
                                    )
Warden MCI Leroy Cartledge,         )
                                    )
                  Respondent.       )
_____ )

Quinton Bates ("Petitioner"), a state prisoner proceeding pro se, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the Court on Magistrate Judge Joseph R. McCrorey's Report and Recommendation filed March 19, 2012, recommending that Respondent's Motion for Summary Judgment be granted and that this petition be dismissed as untimely. (Dkt. # 23).

The Magistrate Judge's Report and Recommendation is made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

Petitioner was advised of his right to file objections to the Report and Recommendation. (Dkt. # 23 at 13). On April 3, 2012, Plaintiff filed objections to the Report and Recommendation. (Dkt. # 28).

## Applicable Law

Since Petitioner filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended. *Lindh v. Murphy*, 521 U.S. 320 (1997); *Breard v. Pruett*, 134 F.3d 615 (4th Cir.1998). Section 2244(d) specifically provides the following, in pertinent part:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by [s]tate action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such [s]tate action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Additionally, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

## Procedural History/Facts

On February 23, 2003, Petitioner and the victim who were at a party got into a verbal fight which then escalated into a physical altercation. (App. 5). Another partygoer

2

fired a gun into the air and the victim and several people began to run to their cars. *Id.* Petitioner approached the victim and the victim punched Petitioner who fell to the ground. *Id.* When Petitioner got up, he pulled out a gun and shot the victim in the chest. Petitioner fled the scene. (App. 6). Petitioner later confessed to the shooting and led law enforcement to the gun. *Id.*

In August 2003, Petitioner was indicted for murder and possession of a firearm during the commission of a violent crime. (App. 57-8, 60-1). Petitioner was represented by Assistant Public Defender Kelly Brown. On October 16, 2003, Petitioner pled guilty to voluntary manslaughter and possession of a firearm during the commission of a violent crime before the Honorable William P. Keesley. (App. 6). As part of the plea, the State dismissed several unrelated charges. *Id.* Judge Keesley sentenced Petitioner to twenty-five years on the voluntary manslaughter charge and five years on the firearms charge, to run concurrently. (App. 16).

On September 27, 2004, Petitioner filed an application for post-conviction relief ("PCR") alleging ineffective assistance of counsel and subject matter jurisdiction. (App. 18-26). On May 16, 2005, an evidentiary hearing was held before the Honorable Doyet A. Early, III. (App. 33-49). Petitioner was present and was represented by Michael W. Chesser, Esquire. *Id.* On August 6, 2007, the PCR court granted Petitioner the right to a belated appeal pursuant to *White v. State*, 208 S.E.2d 35 (S.C. 1974), but dismissed Petitioner's other PCR claims.

In an unpublished opinion filed June 11, 2009, the South Carolina Court of Appeals granted Petitioner's Petition for Writ of Certiorari and proceeded to review the direct appeal issue. However, after review, the Court of Appeals dismissed Petitioner's appeal and granted counsel's motion to be relieved. The remittitur was issued on June 29, 2009.

On August 7, 2009, Petitioner filed a second application for PCR asserting claims

of ineffective assistance of counsel and prosecutorial misconduct. On October 21, 2009, the PCR Court filed a Conditional Order of Dismissal finding the application was successive. Without any response from Petitioner, on February 22, 2010, the PCR Court filed its Final Order dismissing the PCR application as successive.

On May 4, 2010, Petitioner filed a third application for PCR. On November 22, 2010, Judge Early filed a Conditional Order of Dismissal finding the application successive. Petitioner filed several objections. The PCR court filed its Final Order on April 15, 2011, finding the application was successive and barred by the one-year statute of limitations. On April 27, 2011, Petitioner filed a Rule 59(e) Motion to Alter or Amend Judgment. On May 11, 2011, the PCR court denied the motion.

Petitioner filed this habeas petition on August 11, 2011.[1] (Pet. Attach. # 1). He raised one ground for relief, quoted verbatim:

> 6th Amendment Ineffective assistance of trial counsel: Supporting facts: (1) Ineffective Assistance of trial counsel (2) summary of testimony presented at the PCR evidentiary hearing findings of facts and conclusions of law (A) Allegation applicant was denied his right to a direct appeal (3) B. Allegation of ineffective assistance of counsel for failing to procude[sic] ballistics tests.

(Pet. at 5).

## Discussion

The Magistrate Judge found Petitioner's petition should be dismissed as untimely and also on the merits. In his Petition, Petitioner states the Petition is timely based upon his receipt of the PCR order dated October 12, 2010. (Pet. at 13). In his objections,

---

[1] Although the envelope containing the petition was stamped as having been received on August 16, 2011, at the McCormick Correctional Institution mailroom, the court will use August 11, 2011, as the filing date. (Pet. Attach. # 2.) *See Houston v. Lack*, 487 U.S. 266 (1988) (holding prisoner's pleading is considered filed when filed with prison authorities for forwarding to the district court). This filing date reflects the date Petitioner attested that he placed the envelope containing the petition into the mail. (Pet. Attach. # 1).

4

Petitioner argues that his Petition is timely based upon after discovered evidence. 28 U.S.C.§ 2254 (d)(1)(D). Petitioner refers to a letter from SLED which he received in February 2008. The letter from SLED dated October 4, 2005, states that SLED was returning the firearms evidence in Petitioner's case without examination. Petitioner contends he pled guilty based upon the solicitor's representations that the bullet removed from the victim was sent to SLED for a ballistics examination and that the evidence showed the fatal shot was fired from Petitioner's weapon. He now argues that the solicitor violated *Brady v. Maryland,* 373 U.S. 83 (1963), by failing to reveal exculpatory evidence - that SLED had not tested the bullet.[2]

First, the court agrees with the Magistrate Judge that Petitioner's habeas petition is untimely. Even were he permitted to utilize the letter from SLED as establishing "newly discovered evidence" in regard to a *Brady* violation, Petitioner did not properly raise this issue in state court. Moreover, notwithstanding the untimeliness of the Petition, the court also agrees with the Magistrate Judge's conclusion that Petitioner's habeas claim is

---

[2]The court notes that there is a split of authority as to whether a defendant can raise a *Brady* violation to challenge a guilty plea. In *United States v. Ruiz*, 536 U.S. 622 (2002), the Supreme Court held that the Constitution does not require the prosecution to disclose impeachment information related to informants or other witnesses before entering a plea agreement with a defendant. *Id.* at 625. However, the Court did not address the obligation to disclose exculpatory information and there is a split among the circuits as to whether the Court's decision in *Ruiz* also encompasses exculpatory information. In *United States v. Moussaoui*, 591 F.3d 263, 285 (4th Cir. 2010), the Fourth Circuit declined to reach the issue - finding the government had not suppressed favorable evidence from the defense. However, the court stated:

> [t]he *Brady* right, however, is a *trial* right. It requires a prosecutor to disclose evidence favorable to the defense if the evidence is material to either guilt or punishment, and exists to preserve the fairness of a trial verdict and to minimize the chance that an innocent person would be found guilty. When a defendant pleads guilty, those concerns are almost completely eliminated because his guilt is admitted.

*Moussaoui*, 591 F.3d at 285 (internal citations omitted) (emphasis in original).

without merit.

As noted by the Magistrate Judge, Petitioner testified at the PCR hearing that guns were fired by various persons on the night in question. However, the evidence establishes that were numerous eye-witnesses who gave statements to the police that Petitioner shot the victim and the evidence establishes that only one shot was fired into the air at the beginning of the altercation. Furthermore, eye witnesses stated Petitioner shot the victim and Petitioner himself confessed to shooting the victim. Therefore, a ballistics report was not necessary for the solicitor to truthfully represent that evidence established that Petitioner shot the victim.

Moreover, the evidence which Petitioner contends was not revealed to him in violation of *Brady* is not exculpatory. Under *Brady*, the evidence must be favorable to the accused either because it is exculpatory or impeaching, it must have been suppressed, and it must be material. *Strickler v. Greene*, 527 U.S. 263, 281–82 (1999). Evidence is material only if there is a "reasonable probability" of a different result had the evidence been disclosed to the defense. *Id.* at 263. Here, the letter stating that SLED had not examined the firearms evidence is not favorable to Petitioner because it is neither exculpatory nor impeaching. Furthermore, "the Government has no obligation under *Brady* to turn over evidence which does not actually exist but might be produced as a result of as-yet-unperformed testing." *Banks v. United States*, 2010 WL 3855065 (N.D.W.Va. 2010). Accordingly, there is absolutely no indication that any exculpatory evidence was suppressed by the government. *See United States. v. Higgs*, 663 F.3d 726, 735 (4th Cir. 2011) (holding suppression of evidence is an essential element in establishing a *Brady* violation).

Newly discovered evidence may open the door to habeas corpus relief if it can form the basis of an actual innocence claim. *Herrera v. Collins*, 506 U.S. 390, 404 (1993)

("holding "'actual innocence' is . . . a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits."); *Schlup v. Delo*, 513 U.S. 298 (1995). However, SLED's return of the firearm evidence without examination does not support a claim of actual innocence. Moreover, the evidence in the record, eye witnesses and Petitioner's confession, also counter any claim of actual innocence in this case.

After a thorough review of the Report and Recommendation and the record in this case, the court adopts the Magistrate Judge's Report and Recommendation (Dkt. # 23) and incorporates it herein. It is therefore **ORDERED** that Respondent's Motion for Summary Judgment is **GRANTED** and the habeas petition is **DISMISSED** with prejudice.

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the court finds that Petitioner has failed to make "a substantial showing of the denial of a constitutional right." Accordingly, the court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

Greenville, South Carolina
June 1, 2012

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.